UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
NEW YORK

| | |
|---|---|
| JASON MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TZUMI ELECTRONICS, INC.,<br><br>Defendant. | **Civil Action No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jason Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Tzumi Electronics, Inc., ("Tzumi" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel and review of public documents.

**PRELIMINARY STATEMENT**

1. Training equipment manufacturers must follow certain basic rules and procedures. When such a manufacturer sells a training product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. Upon discovering a defect, a manufacturer must explicitly disclose the defect and either correct the defect or cease selling the product. When a manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and rules.

2.  Plaintiff brings this action on behalf of himself, and all similarly situated persons who purchased any of the following adjustable dumbbells, which are defective ("Class Dumbbells")[1]:

    a) FitRx SmartBell XL Quick-Select 10-90 lbs. Model 9034, with serial number KK23289034.

3.  Plaintiff brings this action to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling, warranting, and servicing of the Class Dumbbells.

4.  Specifically, the Class Dumbbells' Weight plates can dislodge from the dumbbell handle during use, posing an impact hazard to consumers. ("Dumbbell Defect").

5.  On March 20, 2025, Defendant recalled the Class Dumbbells. In total, this Recall included 12,400 dumbbells produced by Defendant.[2]

6.  The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including counsel's analysis of publicly available information.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class Members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the Proposed Plaintiff Class, on the one hand, and Defendant, on the other, are citizens of different states.

8.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

---

[1] https://www.cpsc.gov/Recalls/2025/Tzumi-Electronics-Recalls-SmartBell-XL-Quick-Select-Adjustable-Dumbbells-Due-to-Impact-Injury-Hazard-Sold-Exclusively-at-Walmart-com
[2] *Id.*

9. Defendant sells its products online throughout the United States and within this judicial district. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given Defendant is headquartered and maintains its principal place of business in this District.

10. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes its products throughout the United States and within this District.

## PARTIES

11. Jason Martinez is a citizen of the State of New York and resides in Yonkers, New York. Yonkers is located within Westchester County, New York.

12. Defendant Tzumi Electronics is a corporation organized and in existence under the laws of the State of New York. Defendant's corporate headquarters are located at: 6 East 34th Street, New York, NY 10016.

13. Defendant designs, manufactures, markets, distributes, services, repairs, and sells electronics as well as training equipment, including the Class Dumbbells, nationwide. Defendant is the warrantor and distributor of the Class Dumbbells in the United States.

14. Through various entities, Defendant markets, distributes, warrants, and sells training equipment, including the Class Dumbbells, in multiple locations across the United States, including New York.

## FACTUAL ALLEGATIONS

15. In 2023, Plaintiff purchased his FitRx SmartBell XL Quick-Select in Yonkers, New York.

16. Plaintiff's FitRX SmartBell is included within Defendant's Recall.[3]

---

[3] *Id.*

3

17. Based on Defendant's active and persistent promotions touting the quality of its Dumbbells and on Plaintiff's admiration of such adjustable dumbbells, Plaintiff considered Defendant a quality company.

18. In addition to Defendant's reputation (gained through marketing and promotion), Plaintiff decided on the FitRx SmartBell XL Quick-Select model because he believed it was a high-quality dumbbell and that the dumbbell was highly reliable. The dumbbell also came with great technological features, and fit Plaintiff's needs.

19. Since September 2023, Defendant has designed, manufactured, distributed, and sold the Class Dumbbells. Defendant has produced and sold, directly or indirectly, through dealers or online retail outlets, over 12,000 recalled dumbbells, including the Class Dumbbells nationwide.[4]

20. As mentioned earlier and discussed in more detail below, the Class Dumbbells contain a design defect that causes a serious safety concern. That is, the dumbbell—specifically, the components that make it adjustable from 10-90 pounds—is defectively designed.

21. Due to the design defect, the Class Dumbbells' weight plates may unexpectedly drop causing the user risk of impacts or other injury.

22. To date, there have been more than 60 reports of weight plates dislodging during use, which have been linked to at least seven injuries, including bruises, contusions and abrasions.[5]

23. Defendant, directly or indirectly, has sold thousands of Class Dumbbells with this Dumbbell Defect nationwide.[6]

24. Defendant's Recall, which includes a free fix-and-repair clause requiring Defendant to repair and replace the faulty parts, does not offer any reasonably foreseeable guarantee that the Dumbbell Defect will go away permanently. Rather, the Recall mentions installing a new dumbbell

---

[4] *Id.*
[5] *Id.*
[6] *Id.*

handle and storage tray, but mentions no testing or assurances that such repairs will solve the issue fully.[7]

25.     Assuming that the Recall was effective and offered a true fix, which it does not, Plaintiff is still burdened with an adjustable dumbbell that has been devalued by Defendant's actions, because the value of an adjustable dumbbell with a known history of a dangerous Defect is worth much less than a dumbbell with a safe design.

26.     In all, Defendant's Recall amounts to time and dollars needlessly taken from Plaintiff and other Class Dumbbell owners.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

a) **Nationwide Class:** All persons in the United States who purchased a recalled FitRx SmartBell XL Quick-Select adjustable dumbbell.

b) **New York Subclass:** All persons from New York who purchased a recalled FitRx SmartBell XL Quick-Select adjustable dumbbell.

28.     Together, the Nationwide Class and New York Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

29.     Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

30.     Excluded from each of the putative classes are any person who is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

31.     The proposed class definitions in ¶ 27 as limited by ¶ 30 may be amended or modified.

---

[7] *Id.*

32. The particular members of (i) the Nationwide Class and (ii) the New York Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents, and from public records.

33. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

34. The Proposed Classes are so numerous that the joinder of all members is impracticable.

35. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

36. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

37. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Class Dumbbell that contained the same Dumbbell Defect found in all other Class Dumbbells.

38. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class-action litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

39. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

40. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether Class Dumbbells contain the alleged Dumbbell Defect;
   b. Whether the Dumbbell Defect would be considered material by a reasonable consumer;
   c. Whether the Dumbbell Defect would constitute an unreasonable safety risk;
   d. Whether Defendant had a duty to disclose the Dumbbell Defect to Plaintiff and other Class Members;
   e. Whether Defendant knew or reasonably should have known of the Dumbbell Defect before it sold Class Dumbbells to Plaintiff and Class Members;
   f. Whether the Dumbbell Defect has diminished the value of the Class Dumbbells;
   g. Whether the Dumbbell Defect is capable of being repaired;
   h. Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with the Class Dumbbells and for the costs and expenses of repairing, replacing, or otherwise remedying the Dumbbell Defect;
   i. Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace their defective Dumbbells;
   j. Whether Defendant is liable for fraudulent omission;
   k. Whether Defendant was unjustly enriched;

l. Whether Plaintiff and the other Class Members are entitled to damages and other monetary relief.

## CAUSES OF ACTION

### COUNT I

### UNJUST ENRICHMENT

41. Plaintiff incorporates paragraphs 1-40 as if fully set forth herein.

42. Plaintiff brings this count on behalf of himself and the Classes.

43. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Class Dumbbells.

44. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

45. Because this benefit was obtained unlawfully—namely, by selling and accepting compensation for the Class Dumbbells without providing safe components in the Class Dumbbells — it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

46. The circumstances, as described further herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

47. Defendant manufactured, marketed, and sold the Class Dumbbells under the guise of these Dumbbells being safe and operable. Instead, Defendant sold Dumbbells with defective components that present serious safety risks. And rather than refunding or reimbursing Plaintiff and Class Members the difference in resale value, Defendant has offered to simply replace the Class Dumbbells' defective components with other likely defective components without fixing the root cause of the Defect.

48. Because it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred on it by Plaintiff and members of the Classes, Defendant must pay

restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT II
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

49. Plaintiff incorporates Paragraphs 1-40 as if fully set forth herein.

50. Plaintiff brings this count on behalf of himself and the Classes.

51. Defendant knew that the Class Dumbbells suffered from inherently defective components that were defectively designed and/or manufactured and were not suitable for their intended use. Defendant designed, engineered, and produced the Class Dumbbells; therefore, it created its own Dumbbell Defect and knew of that Defect.

52. Defendant concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the Class Dumbbells.

53. The fact that Defendant's Class Dumbbells contained the Dumbbell Defect is a material fact, because a weight securing mechanism is one of the most critical aspects of an adjustable Dumbbell's safety.

54. The weight plate securing of the Class Dumbbells is faulty and causes the weight plates to suddenly drop.

55. Defendant knew of the falsity of the safety of the Dumbbell Defect and/or recklessly disregarded the truth or falsity of the dangerous nature of the Dumbbell Defect.

56. Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell Dumbbells.

57. Plaintiff and Class Members would not have purchased the Class Dumbbells had they known of the Dumbbell Defect. Plaintiff and the Class did not know of such Dumbbell Defect; in purchasing Class Dumbbells, they relied upon Defendant's false presentation of safety.

58. Plaintiff did not know of and could not have discovered the Dumbbell Defect unless Plaintiff were to disassemble the Class Dumbbell and inspect the components throughout the Class Dumbbells. This possibility exists outside of reality, because—even if such a possibility would

occur to an ordinary consumer—it is highly improbable that any Class Dumbbell dealer would allow for such intensive inspection.

59. Defendant was under a duty to Plaintiff and Class Members to disclose the defective nature of the Class Dumbbells because:

   a. Defendant was in a superior position to know the true state of facts about the Dumbbell Defect contained in the Class Dumbbells;

   b. The omitted facts were material because they directly impact the safety of the Class Dumbbells;

   c. Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

   d. Defendant actively concealed the defective nature of the Class Dumbbells from Plaintiff and Class Members.

60. The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material. A reasonable person would have considered those facts to be important in deciding whether to purchase Defendant's Class Dumbbells or pay a lesser price for them. Specifically, whether a Dumbbell becomes inoperable when the weight plate securing mechanisms fail is a material safety concern.

61. Had Plaintiff and Class Members known about the defective nature of the Class Dumbbells, they would not have purchased the Class Dumbbells, or would have paid less for them.

62. Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the Class Dumbbells, in order to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment. This detriment is evident from Plaintiff's and Class Members' purchase of Defendant's defective Class Dumbbells.

63. As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiff and the Classes

reserve their right to elect either to (a) rescind their purchase of the Class Dumbbells and obtain restitution or (b) affirm their purchase of the Class Dumbbells and recover damages.

64. Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and the Class's rights and well-being to enrich Defendant. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

65. Plaintiff suffered injury through Defendant's conduct in that he suffered economic loss and purchased a worthless, unsafe Class Dumbbell.

66. Plaintiff also suffered economic loss because, due to Defendant's Recall, Plaintiff's Dumbbell's resale value is now diminished. When Plaintiff intends to sell his Class Dumbbell, the Dumbbell's reputation will harm the resale value and place Plaintiff in a much worse bargaining position than if Defendant had properly manufactured, designed, produced, distributed, and advertised Class Dumbbells.

67. Plaintiff also suffered damages in that Plaintiff has spent hours, and will spend hours more, tending to Defendant's Recall. Plaintiff has been greatly inconvenienced by Defendant's Recall.

## COUNT III

**STRICT LIABILITY – FAILURE TO WARN**

68. Plaintiff incorporates the allegations set forth in the previous aforementioned Paragraphs as though set forth fully herein.

69. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Classes (the "Class").

70. Defendant had a duty to warn Plaintiff and Class Members about the Defect and the true risks associated with the Products.

71. As the manufacturer, Defendant was in a superior position to know about the defective Products and their dangerous propensity to potentially drop heavy weights on its users.

11

However, Defendant failed to warn consumers, retailers, and regulatory agencies about the risks when it had the opportunity to do so.

72. Defendant failed to provide adequate warnings regarding the risks of the Products before or at the time of sale, particularly if it continued selling the Products despite knowledge of the recall or other safety concerns.

73. Defendant had access to critical safety information regarding the injury hazards associated with the Products, yet failed to warn Plaintiff and Class Members, leaving them unaware of the dangers.

74. Despite knowing the risks, Defendant did not strengthen their warnings or provide adequate safety disclosures before selling the Products. Instead, Defendant actively concealed or ignored the need for stronger warnings, prioritizing sales over consumer safety.

75. Plaintiff and Class Members would not have purchased, chosen, or paid for the Products had they known of the risk of injury. Because Defendant failed to provide proper warnings, consumers were deprived of their right to make an informed purchasing decision.

76. The Defect proximately caused Plaintiff's and Class Members' damages, as they purchased and used a Product that posed an unreasonable risk of harm without their knowledge.

77. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT IV
## STRICT LIABILITY – DESIGN DEFECT

78. Plaintiff incorporates the allegations set forth in the previous aforementioned Paragraphs as though set forth fully herein.

79. Plaintiff bring this claim against Defendant on behalf of himself and the other Members of the Classes (the "Class").

80. The design of the recalled Dumbbells was defective and unreasonably dangerous, making the Products unsafe for consumer use.

81. The risk of heavy plates coming loose and dropping onto users while Plaintiff and Class Members used the Products posed a serious risk of injury.

82. The design defect rendered the Products not reasonably fit, suitable, or safe for their intended purpose, violating consumer safety expectations.

83. The risk of injury outweighed the benefits of the Products, making them unreasonably dangerous to consumers.

84. There were alternatives, safer designs available, including other dumbbells that did not have weights that dislodged and fell onto users, meaning Defendant had the ability to manufacture a safer product, but failed to do so.

85. Defendant could have implemented safer design modifications that would have reduced or eliminated the injury, such as securing the plates on the Dumbbells, but failed to do so.

86. Because the Products were unreasonably unsafe and did not perform as an ordinary consumer would expect, they should not have been sold to consumers.

87. Defendant is strictly liable for selling the defective Product, as strict liability applies to all entities in the chain of distribution.

88. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT V

## NEGLIGENT FAILURE TO WARN

89. Plaintiff incorporates the allegations set forth in the previous aforementioned Paragraphs as though set forth fully herein.

90. Plaintiff bring this claim against Defendant on behalf of himself and the other Members of the Classes (the "Class").

91. Defendant owed Plaintiff and Class Members a duty of care to warn of any risks associated with the Products.

92. Defendant knew or should have known that the defective product posed a significant risk of dislodging and falling on users but failed to warn Plaintiff and Class Members.

93. Defendant had a duty to warn consumers if it had knowledge or reason to know about the defect including through prior consumer complaints, product recalls, or other safety notices, but failed to provide adequate warnings before or at the time of sale.

94. Plaintiff and Class Members had no way of knowing about the Product's latent defect, as an ordinary consumer would not expect the Product to have weights that dislodged and fell off the product during ordinary use.

95. Defendant's breach of its duty to warn caused Plaintiff and Class Members to suffer economic damages and physical injuries.

96. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees available under law.

## COUNT VI
## NEGLIGENT DESIGN DEFECT

97. Plaintiff incorporates the allegations set forth in the previous aforementioned Paragraphs as though set forth fully herein.

98. Plaintiff brings this claim against Defendant on behalf of himself and the other Members of the Classes (the "Class").

99. Defendant owed Plaintiff and Class Members a duty of care to design, manufacture, and sell products that were safe for their intended use.

100. The design of the recalled Dumbbells was defective and unreasonably dangerous, causing risk of severe injury.

101. The design of the Products rendered them unfit, unsuitable, and unsafe for their intended purpose, as the risk of injury far outweighed any benefits of the Product.

102. There were alternative, safer Dumbbell designs available that did not pose similar injury risks, meaning Defendant could have implemented a safer design but failed to do so.

103. Defendant had access to industry knowledge, safety reports, and consumer complaints that should have alerted them to the defective nature of the Products.

104. Defendant was negligent in selling the defective Products, as they either knew or should have known that the design was unreasonably dangerous, particularly if the recall had been issued or customer complaints had been received before further sales.

105. The negligent design of the Product was the proximate cause of Plaintiff's and Class Members' damages, as it posed an inherent and foreseeable risk of harm that Defendant failed to address.

106. Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT VII

### Violation of New York General Business Law § 349

### NY GBL § 349

107. Plaintiff incorporates the allegations set forth in the previous aforementioned Paragraphs as though set forth fully herein.

108. NY GBL § 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service […]"

109. Here, Defendant purposefully and knowingly took actions directed to consumers, including to Plaintiff and the Class, in the form of branding, marketing, advertising and other messaging, claiming that Defendant's products were fit for their ordinary purpose.

110. Defendant's acts were and are materially misleading because Defendant in fact sold the Dumbbells into commerce which were defective and posed a risk of dislodging heavy weights that could fall on users, causing injury. Plaintiff and the Class have been injured because of Defendant's deceptive or unfair acts, because they purchased Defendant's Products at a premium price on the basis of the fact that those Products were fit for ordinary use when they were not.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Awarding all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

F. Awarding costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: March 28, 2025                                                            Respectfully Submitted,

*/s/ Philip Furia*
Philip Furia, Esq.
**SULTZER & LIPARI, PLLC**
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
furiap@thesultzerlawgroup.com

-AND-

Paul J. Doolittle, Esq. (*Pro Hac Vice* Forthcoming)
Seth C. Little, Esq.

**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: pauldoolittle@poulinwilley.com
cmad@poulinwilley.com

*Attorneys for Plaintiff*